UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

COREY WOODLAND,

          Petitioner,

v.                                                         Case No. 24-cv-482-bhl

WARDEN MICHAEL MEISNER,

          Respondent.

## ORDER DENYING PETITIONER'S RULE 59(e) MOTION TO ALTER OR AMEND JUDGMENT

      In April 2021, a Milwaukee County jury convicted Petitioner Corey Woodland of three counts of armed robbery in connection with a string of robberies that occurred on the same morning in May 2018. After challenging his conviction unsuccessfully in the state courts, Woodland filed a petition for writ of habeas corpus in this Court, arguing that his speedy trial rights were violated, that he was convicted of one robbery on insufficient evidence, and that his trial counsel was ineffective for failing to object to the admission of two pieces of evidence. (ECF No. 1.) On March 12, 2025, the Court denied Woodland's petition and declined to issue a certificate of appealability. (ECF No. 27.) The Clerk entered judgment the same day. (ECF No. 28.) On April 4, 2025, Woodland filed a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e), arguing that the Court made a manifest error of law when it denied his claims for ineffective assistance of counsel. (ECF No. 29.)[1] Respondent opposes the motion, arguing that the Court's denial of Woodland's petition was legally sound. (ECF No. 30.) Because Woodland has not established that the Court made a manifest error of law, his motion will be denied.

      "A Rule 59(e) motion will be successful only where the movant clearly establishes: '(1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.'" *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir.

---

[1] A Rule 59(e) motion must be filed within 28 days of the entry of judgment. Although Woodland's motion was not docketed until April 14, 2025, he certifies that he placed the motion in the prison mailbox on April 4, 2025. (*See* ECF No. 29 at 7.) Accordingly, his motion is timely. *See Edwards v. United States*, 266 F.3d 756, 757–58 (7th Cir. 2001) (applying "prison mailbox rule" to prisoner's Rule 59(e) motion).

2013) (quoting *Blue v. Hartford Life & Accident Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012)). Manifest error refers to the misapplication or misidentification of controlling law. *See Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). Woodland argues that the Court committed a manifest error of law in denying his claims that trial counsel was ineffective for failing to object to the admission of: (1) testimony from Woodland's probation officer that established that he was on probation; and (2) surveillance video from a Dollar Tree store that showed Woodland purchasing gloves like those used in the robberies. The Wisconsin Court of Appeals rejected both claims, concluding that Woodland's trial counsel was not deficient for failing to object on either issue, because both the probation officer's testimony and the video were admissible evidence. (ECF No. 9-3 ¶¶25–37.)

In denying Woodland's petition, the Court explained that because the Wisconsin Court of Appeals rejected his claims on state-law evidentiary grounds, he could only obtain habeas relief if he established that (1) the state court's evidentiary rulings violated specific constitutional guarantees or (2) the probative value of the admitted evidence was so greatly outweighed by its prejudice to Woodland that he was denied a fundamentally fair trial. (ECF No. 27 at 9.) Because Woodland failed to make either showing, the Court denied his claims. (*Id.* at 10–11.)

In his Rule 59(e) motion, Woodland cites *Shaw v. Wilson*, 721 F.3d 908, 914–15 (7th Cir. 2013), which holds that a federal habeas court may review a state court's determination that trial counsel was not ineffective for failing to raise a state-law issue of uncertain merit. (ECF No. 29 at 2.) *Shaw* is not analogous because the petitioner in that case did not challenge a state court's evidentiary ruling. *See* 732 F.3d at 914–15. In Woodland's case, the state court explicitly ruled that both pieces of evidence Woodland challenges were admissible under state law. Where the state court has found that evidence was properly admitted under state law, a federal habeas petitioner cannot succeed on a claim that his counsel was ineffective for failing to object to the evidence's admission. *George v. Smith*, 586 F.3d 479, 483–84 (7th Cir. 2009) (citing *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975)).

Woodland also argues that his due process rights were violated by the admission of testimony concerning his probation status. (ECF No. 29 at 3–5.) He cites to several federal cases in support of his argument, but none of those cases addresses a due process claim in a federal habeas proceeding under Section 2254. Nor do any of the cases address a defendant's constitutional rights in any capacity. The cases Woodland invokes address the admissibility of

evidence in federal criminal cases under the Federal Rules of Evidence. That is a much different situation. As the Court explained when it denied Woodland's habeas petition, the admissibility of evidence in a state trial is a matter of state law and the court cannot second-guess the state court's rulings on such matters. (ECF No. 27 at 9–10.) Because Woodland has not shown that the admission of testimony about his probation status was an error of *constitutional* magnitude, the Court must defer to the state court's determination that the testimony was admissible under state law. *See George*, 586 F.3d at 484 ("We are . . . not going to displace Wisconsin's interpretation of its own law with our own . . . .") Accordingly, Woodland has not shown that the Court made a manifest error of law when it denied his claims for ineffective assistance of counsel.

**IT IS THEREFORE ORDERED** that Petitioner Corey Woodland's Rule 59(e) Motion, ECF No. 29, is **DENIED**.

Dated at Milwaukee, Wisconsin on May 14, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge